ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
KATHERINE L. WAWRZYNIAK (CABN 252751)
Chief, Criminal Division
WENDY M. GARBERS (CABN 213208)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6475
    FAX: (415) 436-7234
    wendy.garbers@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-cr-00119-CRB |
| Plaintiff, | **UNITED STATES'S SENTENCING MEMORANDUM** |
| v. | Date: June 14, 2023 |
| DOMINICK PARELLA, | Time: 10:00 a.m. |
| Defendant. | |

## I.   INTRODUCTION

Defendant Dominick Parella is a convicted felon, who is prohibited from possessing firearms. On December 14, 2021, Mr. Parella was in a car accident on I-80. Mr. Parella lost control of the Toyota he was driving after encountering some standing water in one of the lanes. His vehicle veered abruptly into another lane of traffic and was stuck by a Chevrolet. Both cars took the 7th St. exit and stopped at the bottom of the offramp. After stopping, Mr. Parella exited his vehicle and walked to a landscaped area north of the offramp where he dug a hole in the dirt with his hands. He then removed a firearm from his pocket, placed it in the hole, and used his hands to cover it with dirt. After attempting to hide the firearm, Mr. Parella made contact with the driver of the Chevrolet and apologized for the accident.

The driver of the Chevrolet reported Mr. Parella's unusual behavior to law enforcement.  A California Highway Patrol Officer who responded to the scene searched the area and located the firearm buried under one-to-two inches of loose wet dirt and leaves: a black Glock Gen 4 Model 21 .45 caliber semiautomatic handgun, with a serial number AFNP362, which was loaded with a 13-round capacity magazine.  Inside the magazine were 10 rounds of Winchester ammunition and 1 round of Federal ammunition.  DNA swabs taken from the firearm and Mr. Parella were tested by the San Francisco Police Department Criminalistics Laboratory, Forensic Services Division, which found "very strong support" that the DNA profiles matched, with a likelihood ratio of 5.47 million.

On March 16, 2022, Mr. Parella was charged by Indictment with two counts of violating 18 U.S.C. § 922(g)(1) and § 922(g)(8).  (ECF 4.)  On January 20, 2023, Defendant pled open to Count One, and the government has agreed to dismiss Count Two at sentencing.  (ECF 31.)

## II.   SENTENCING GUIDELINES CALCULATIONS

As set forth in the PSR, the Sentencing Guidelines calculations for Mr. Parella's offense level is as follows:

    a. **Base Offense Level, U.S.S.G. §2K2.1(a)(6)(A):**     **14**

    b. **Specific offense characteristics:**     **+0**

    c. **Acceptance of Responsibility §3E1.1:**     **-2**

    d. **Adjusted Offense Level:**     **12**

*See* PSR ¶¶ 16-24.  Mr. Parella pled open, and the parties have not reached any agreement regarding Mr. Parella's criminal history.  Probation has concluded that Mr. Parella's criminal history score is 3, and he therefore falls into Criminal History Category II. (*Id.* at ¶¶ 32-33.)  The government agrees with Probation's criminal history calculations.  As reflected in the PSR, the Guidelines range for imprisonment associated with adjusted offense level 12 and Criminal History Category II is 12-18 months.  (*Id.* at ¶ 70.)

## III.   GOVERNMENT'S SENTENCING RECOMMENDATION

The Court must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate

1   deterrence; to protect the public; and to rehabilitate the defendant. 18 U.S.C. § 3553(a)(2); *United States*

2   *v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  Section 3553(a) sets forth several factors that the Court

3   must consider in determining a just sentence: (1) the nature and circumstances of the offense and the

4   defendant's history and characteristics; (2) the purposes of sentencing; (3) the kinds of sentences

5   available; (4) the Guidelines range for sentences; (5) any pertinent policy statements; (6) the need to

6   avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims.  18

7   U.S.C. § 3553(a); *Carty*, 520 F.3d at 991.  The Guidelines are "the starting point and the initial

8   benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).  Although the Guidelines are not binding,

9   they "reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *Rita*

10  *v. United States*, 551 U.S. 338, 350 (2007).

11          The Court should impose a sentence of 10 months, which is a below-Guidelines sentence.  This

12  sentence is supported by Mr. Parella's criminal history, but also takes into account the positive trajectory

13  that Mr. Parella appears to have been on recently.  By pleading guilty to this charge, Mr. Parella now has

14  three firearms convictions: a 7/19/2009 misdemeanor conviction, a 11/20/2007 misdemeanor conviction,

15  and this one.  Moreover, Mr. Parella's felony Accessory conviction in 2011 concerned a robbery at

16  gunpoint.  Mr. Parella has three additional firearms-related arrests that did not result in convictions—

17  12/14/2021; 9/10/2013; and 10/01/2010.  Despite this history, Mr. Parella has continued to carry

18  weapons.

19          The Ninth Circuit has held that a sentencing court acts fully within its discretion when it

20  "consider[s] the defendant's repetition of the same or similar offenses" and bases its sentence on that

21  circumstance.  *United States v. Segura-Del Real*, 83 F.3d 275, 277 (9th Cir. 1996).  Doing so is

22  especially appropriate here.  Mr. Parella has repeated the same dangerous behavior of acquiring firearms

23  over many years.  This case falls well within "the heartland" of felon-in-possession cases.  *See*

24  *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (explaining that a sentence outside the Guidelines

25  range "may attract greatest respect when the sentencing judge finds a particular case 'outside the

26  "heartland"' to which the Commission intends individual Guidelines to apply").  A sentence slightly

27  below the low-end of the Guidelines is therefore appropriate and is sufficient, but not greater than

28

1    necessary to achieve the goals of sentencing.

2           Finally, the Court should impose a 3-year term of supervised release with an expanded search

3    condition.  Mr. Parella's history of firearms arrests and offenses proves that he poses a high risk of

4    reoffending, and a warrantless search condition is "necessary to mitigate that risk." *See United States v.*

5    *Cervantes*, 859 F.3d 1175, 1184 (9th Cir. 2017).

6    **IV.       CONCLUSION**

7           For the foregoing reasons, the government recommends that the Court sentence Mr. Parella to 10

8    months in prison, 3 years supervised release, a $100 special assessment, and order Mr. Parella for forfeit

9    the firearm and ammunition seized on December 14, 2021.

10

11   DATED:  June 6, 2023                                      Respectfully submitted,
                                                               ISMAIL J. RAMSEY
12                                                             United States Attorney

13

14                                                             */s/ Wendy M. Garbers*
                                                               WENDY M. GARBERS
15                                                             Assistant United States Attorney

16

17

18

19

20

21

22

23

24

25

26

27

28